In Re PRUESLER

HOME OWNERS' LOAN CORP., Appellant, v. PRUESLER, Respondent

(291 N. W. 582.)

(File No. 8329. Opinion filed April 10, 1940.)

Rehearing Denied June 3, 1940.

**Walter Conway**, of Sioux Falls (**Ray E. Dougherty** and **Opal M. Slater**, both of Omaha, Neb., of counsel), for Appellant.

**John C. Mundt**, of Sioux Falls, for Respondent.

RUDOLPH, J.  The respondent, Preusler, in 1935 executed a mortgage upon certain real estate located in Minnehaha County, South Dakota, to the plaintiff, Home Owners' Loan Corporation.  Default occurred under the terms of the mortgage, and on the 6th day of June, 1938, the mortgaged property was sold to the Home Owners' Loan Corporation, the mortgagee, under proceedings had to foreclose said mortgage.  Thereafter, under the provisions of Chapter 145, Laws of 1939, the circuit court of Minnehaha County extended the redemption period until the first day of March, 1941.  The Home Owners' Loan Corporation has appealed from the order thus entered.

The error assigned presents a single question.  This question is summarized in appellant's brief, as follows: "There is but one question raised on this appeal and that is the right of the Circuit Court to grant the Petition of the Respondent and to make the Order extending the period of redemption, in view of the fact that the mortgagee Appel-

lant Home Owners' Loan Corporation is an instrumentality of the United States government, created by Act of Congress, which Congress determined the manner in which the said Corporation would make the loans, the manner in which these loans should be repaid, the manner in which they might be extended, and the manner and time in which its officers should liquidate its affairs."

We may assume, as did the United States Supreme Court in cases immediately cited, that "the creation of the Home Owners' Loan Corporation was a constitutional exercise of the congressional power and that the activities of the Corporation through which the national government lawfully acts must be regarded as governmental functions and as entitled to whatever immunity attaches to those functions when performed by the government itself through its departments." Pittman v. Home Owners' Loan Corp., 308 U. S. 21, 60 S. Ct. 15, 18, 84 L. Ed. 11, 124 A.L.R. 1263; Graves et al. v. People of New York ex rel. O'Keeffe, 306 U. S. 466, 59 S. Ct. 595, 83 L. Ed. 927, 120 A.L.R. 1466; United States v. Kay, 2 Cir., 89 F. 2d 19.

By section 4(a) of the Home Owners' Loan Corporation Act of June 13th, 1933, (Chapter 64, 48 Statutes at large 128, amended by Act of April 27, 1934, Chapter 168, 48 Statutes at large 643, 12 U.S.C.A. § 1463) the corporation has the power "to sue and to be sued." We have this situation: Congress created and launched a governmental agency into the commercial world "to acquire in exchange for bonds issued by it, home mortgages and other obligations and liens secured by real estate." 12 U.S.C.A. § 1463(d)(1). To enable this corporation to realize upon the loan, should default occur, Congress has granted this authority "to sue and to be sued." We know that the corporation does in fact resort to the law of the jurisdiction where the security is located to subject the security to the payment of the loan when occasion arises. Such it did in this case. The plaintiff, Home Owner's Loan Corporation, resorted to the laws of this state to subject this security to the payment of this loan. This present application by the borrower is but a continuance of the legal proceedings commenced by the corporation.

"Clearly the words 'sue and be sued' in their normal connotation embrace all civil process incident to the commencement or continuance of legal proceedings." Federal Housing Administration v. Burr, 309 U. S. 242, 60 S. Ct. 488, 490, 84 L. Ed. 724, February 12, 1940. In this last-cited case the court said: "As indicated in Keifer & Keifer v. Reconstruction Finance Corporation [306 U. S. 381, 59 S. Ct. 516, 83 L. Ed. 784], supra, we start from the premise that such waivers by Congress of governmental immunity in case of such federal instrumentalities should be liberally construed. This policy is in line with the current disfavor of the doctrine of governmental immunity from suit, as evidenced by the increasing tendency of Congress to waive the immunity where federal governmental corporations are concerned. Keifer & Keifer v. Reconstruction Finance Corporation, supra. Hence, when Congress establishes such an agency, authorizes it to engage in commercial and business transactions with the public, and permits it to 'sue and be sued', it cannot be lightly assumed that restrictions on that authority are to be implied. Rather if the general authority to 'sue and be sued' is to be delimited by implied exceptions, it must be clearly shown that certain types of suits are not consistent with the statutory or constitutional scheme, that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function, or that for other reasons it was plainly the purpose of Congress to use the 'sue and be sued' clause in a narrow sense. In the absence of such showing, it must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to 'sue or be sued', that agency is not less amenable to judicial process than a private enterprise under like circumstances would be."

It would seem, therefore, that our present question is limited to inquiring whether this South Dakota act constitutes a grave interference with the performance of the functions for which the corporation was created. We conclude that it does not. The language of the Supreme Court of the

United States in the case of Home Building & Loan Association v. Blaisdell, 290 U. S. 398, 54 S. Ct. 231, 242, 78 L. Ed. 413, 88 A.L.R. 1481, is applicable. "The integrity of the mortgage indebtedness is not impaired; interest continues to run; the validity of the sale and the right of a mortgagee-purchaser to title or to obtain a deficiency judgment, if the mortgagor fails to redeem within the extended period, are maintained; and the conditions of redemption, if redemption there be, stand as they were under the prior law. The mortgagor during the extended period is not ousted from possession, but he must pay the rental value of the premises as ascertained in judicial proceedings and this amount is applied to the carrying of the property and to interest upon the indebtedness. The mortgagee-purchaser during the time that he cannot obtain possession thus is not left without compensation for the withholding of possession."

There is no attempt at discrimination against the Home Owners' Loan Corporation or any other federal agency. The conditions of the law which apply to the Home Owners' Loan Corporation, likewise include all mortgagees in this state.

■■ The appellant contends that under the rule announced in the Blaisdell case, the only justification for or basis of this moratory legislation is to be found in the police power of the state, and that the Home Owners' Loan Corporation, being an instrumentality of the federal government, is not subject to this power. This contention, we believe, was answered by Congress when it inserted into the law the "sue and be sued" provision. Conceding the general rule to be that an agency of the United States government is not subject to the police power of the state, nevertheless, this general rule is not without its exceptions. Milk Control Board v. Gosselin's Dairy, Inc., Mass., 16 N. E.2d 641; Johnson v. Maryland, 254 U. S. 51, 41 S. Ct. 16, 65 L. Ed. 126; Ex parte Willman, D. C., 277 F. 819; State v. Wiles, 116 Wash. 387, 199 P. 749, 18 A.L.R. 1163; St. Louis v. Western Union Telegraph Co., 148 U. S. 92, 13 S. Ct. 485, 37 L. Ed. 380; Martin v. Pittsburg & Lake Erie Railroad Co., 203 U. S. 284, 27 S. Ct. 100, 51 L. Ed. 184, 8 Ann. Cas. 87; Allen v.

Riley, 203 U. S. 347, 27 S. Ct. 95, 51 L. Ed. 216, 8 Ann. Cas. 137.

Appellant points to Section 4(d)(2) of the federal act, which makes provision for the extension of the time to any borrower from the corporation for the payment of an installment of principal or interest. However, we are unable to find anything in this provision which suggests that Congress intended to relieve the mortgages of this corporation from the provisions of a so-called moratorium act. Quite obviously, it seems to us, that the corporation might under the provisions of said Section 4(d)(2) grant an extension of time to the borrower, but this is quite a different relief to the mortgagor than the extension of the redemption period by moratory legislation.

We are, therefore, convinced that under the provisions of this act of Congress this governmental agency operating in the commercial world with power to "sue and be sued" cannot be held immune from this provision of this South Dakota law, which makes no exceptions and intends no discrimination either in favor of, or against, the Home Owners' Loan Corporation.

The order appealed from is affirmed. No costs to be taxed.

All the Judges concur.