**PERSON v. UNITED STATES.**

No. 11508.

Circuit Court of Appeals, Eighth Circuit.

May 16, 1940.

Rehearing Denied June 11, 1940.

**2**

Action on a note by the United States against L. K. Person. Judgment for plaintiff, and defendant appeals.

L. K. Person, of Garland, Ark., pro se.

Clinton R. Barry, U. S. Atty., of Fort Smith, Ark. (Duke Frederick, Asst. U. S. Atty., and John E. Harris, Asst. U. S. Atty., both of Fort Smith, Ark., on the brief), for appellee.

Before STONE, GARDNER, and SANBORN, Circuit Judges.

STONE, Circuit Judge.

From a summary judgment for a balance due on a promissory note this appeal is brought.

Appellant presents here two matters: (1) the action is barred by limitations or laches; (2) summary judgment was improper because (a) there were controverted fact issues and (b) a supporting affidavit was insufficient.

## I. Limitations.

The issue controlling as to limitations or laches (treated together by us) is whether the United States was, in the action to collect this note, proceeding in a sovereign capacity or not.

This loan was made under a "Joint Resolution for the relief of farmers in the drought and/or storm stricken areas of the United States" (46 Stat. 1032). It is a matter of public knowledge and of judicial cognizance that during the year 1930 there had been large areas in the United States where crops had failed because of drought or had been destroyed by storms or hail. It was to meet these deplorable situations by enabling the stricken farmers to put in crops in 1931 and to preserve their live stock, that this Joint Resolution was passed and became law on December 20, 1930. The Resolution appropriated $45,000,000 to be used in loans or advancements to such farmers or to purchase seeds, fertilizers and farm equipment which could be sold to such farmers. The expenditure of this money for these purposes was placed in charge of the Secretary of Agriculture. A lien upon the 1931 crops was declared sufficient security for such loans, advancements or sale moneys. False statements to procure such were declared criminal with prescribed penalties.

This loan was for $3,000 evidenced by a note executed March 25, 1931; due October 31, 1931; bearing 5% interest and secured by a mortgage on the crops grown during 1931 on described land.

This Resolution was not intended to put the United States into any "private" money business. It was solely an act of grace by the sovereign to meet a temporary emergency which had grasped certain citizens and left them temporarily in dire need of help. This it did from public funds. In no way is this situation altered by arrangements for repayment by the beneficiaries. The United States was acting purely in its capacity as a sovereign.[1] The note and mortgage here were appropriate means of

---

[1] While the character of governmental action must be determined upon the circumstances of each action, yet the following cases are illustrative of instances where the issue has been whether the government was acting in a sovereign or in a "private" or "business" capacity. Pittman v. Home Owners' Loan Corporation, 308 U.S. 21, 60 S.Ct. 15, 84 L.Ed. 11, 124 A.L.R. 1263; Standard Oil, Co. v. United States, 267 U.S. 76, 45 S.Ct. 211, 69 L.Ed. 519; E. I. Dupont De Nemours & Co. v. Davis Director General, 264 U.S. 456, 44 S.Ct. 364, 68 L. Ed. 788; Chesapeake & Delaware Canal Co. v. United States, 250 U.S. 123, 39 S.Ct. 407, 63 L.Ed. 889; United States v. Nashville, C. & St. L. Ry. Co., 118 U.S. 120, 6 S.Ct. 1006, 30 L.Ed. 81; United States v. Thompson, 98 U.S.

exercising this sovereign power. Pittman v. Home Owners' Loan Corporation, 308 U.S. 21, 31, 32, 60 S.Ct. 15, 84 L.Ed. 11, 124 A.L.R. 1263.

It is firmly established that, as to enforcement of obligations arising out of exercise of sovereign power, no State statute of limitations nor any laches can be urged against the sovereign (cases cited in footnote 1).

Therefore, the statute of limitations of the State of Arkansas, relied upon by appellant, is of no avail.

### 2. Summary Judgment.

 Appellant contends error in disposing of this case by summary judgment (Rules of Civil Procedure, rule 56, 28 U.S.C.A. following section 723c) for two reasons. The first of these is that, as he asserts, there were controverted issues of fact. He claims these issues were as to payment of the loan.

No such issues appear from the pleadings upon which the case was tried. The petition alleged the loan, certain payments thereon and sought judgment for the unpaid balance. The answer was a general denial and a plea of limitations. The answer admitted the note and mortgage. The only allegations in the answer referring to payments did not challenge the amounts but (for purposes of limitations) denied any payments had been made beyond a certain date.

Rule 86 of the Rules of Civil Procedure provides, as to such rules, that "They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

The petition and several motions in this case were filed and some of the motions ruled before the effective date of the Rules. The answer was filed and subsequent proceedings occurred after the effective date. Rule 12(b) requires "Every defense, in law or fact, to a claim for relief in any pleading, * * * shall be asserted in the responsive pleading thereto * * *." Rule 12(h) provides that "A party waives all defenses and objections which he does not present * * * in his answer * * *." Since the answer here raised no issue as to amounts paid on the note, such issue was not before the Court. While we think the Rule 12(b) and (h) applicable in the situation of this case as to the effective date of the Rules, yet the result would be the same if the Rules were not applied and the law of Arkansas followed.

The statutes of Arkansas provide that "Every material allegation of a complaint not specifically controverted by the answer * * * must, for the purposes of the action, be taken as true" (Pope's Digest of the Statutes of Arkansas, 1937, § 1455). Under Arkansas law, payment is an affirmative defense which must be pleaded or evidence is inadmissible as to payment (Interstate Jobbing Co. v. Velvin, 172 Ark. 212, 287 S.W. 1015, 1016) and the burden of proof is upon the party pleading payment. Thomas v. Tygart, 177 Ark. 1195, 6 S.W.2d 827, 828; Leach v. Maxwell, 171 Ark. 1188, 286 S.W. 1029, 1030.

In the state of these pleadings and in view either of Rule 12(b) and (h) or of the law in Arkansas, there was no issue here as to amount of payment. Since plaintiff was immune from limitations, any issue as to when payments were made was immaterial.

 The second ground for attack upon the summary judgment procedure is that the court considered a supporting affidavit not made "on personal knowledge", as required by Rule 56(e). The Rule contains such a requirement and this affidavit does not conform thereto, and, therefore, is of no avail.

 However, the insufficiency of the affidavit does not require reversal. The affidavit had to do with payments on the note. It added nothing to the issues as made by the pleadings. There was no issue as to payment. The error as to the affidavit was clearly non-prejudicial.

The judgment must be and is affirmed.

---

486, 25 L.Ed. 194; United States v. Miller, 8 Cir., 28 F.2d 846, 61 A.L.R. 405.

As to status of the Farm Credit Administration, see United States v. Thomas, 5 Cir., 107 F.2d 765.