In the Matter of HOME OWNERS' LOAN CORPORATION, Petitioner, against JOSEPH D. MCGOLDRICK, as Comptroller of the City of New York, and ALMERINDO PORTFOLIO, as Treasurer of the City of New York, Respondents.

Supreme Court, Trial Term, New York County, June 26, 1941.

J. D. Menkes [J. N. Thompson and S. H. Trevas of counsel], for the petitioner.

William C. Chanler, Corporation Counsel [Milton Sandberg, Edward B. Hennefeld and S. C. Levine of counsel], for the respondents.

BENVENGA, J. This is a proceeding under article 78 of the Civil Practice Act to review a determination of the comptroller of the city of New York denying a refund to the Home Owners' Loan Corporation of taxes paid under protest under the New York City Sales Tax Law. (Local Law No. 101 of the New York City Local Laws of 1939, as amended.)

The sales upon which the tax was paid were of electric current purchased by the corporation for use in the public halls of a four-family house taken over by it under foreclosure of a home mortgage.

The question is whether the sales tax so imposed violates any provision of the Federal Constitution or of the statute (U. S. Code, tit. 12, §§ 1461 et seq.; 48 Stat. at Large, 128) under which the corporation was created.

It is not disputed that the corporation is an instrumentality of the Federal government. It was created to provide emergency relief to home owners, particularly to assist them with respect to home mortgage indebtedness. It was authorized to lend money to home owners on mortgages, and to refinance home mortgage loans. Its shares of stock are government owned and its bonds guaranteed by the United States. (*Graves* v. *N. Y. ex rel. O' Keefe,* 306 U. S. 466, 476; *Lovero* v. *Home Owners' Loan Corp.,* 172 Misc. 754.)

In 1936 the ·powers of the corporation to make or refinance mortgage loans terminated. Since then its activities have been confined to servicing outstanding mortgages and the .salvaging and management of properties acquired in foreclosure. Through fore-closures it has become a large-scale holder of real estate in metropolitan New York. It operates properties in the same manner as, and in direct competition with, private owners: It sells properties at the prevailing market prices and rents and leases them at prevailing rates. It purchases materials, equipment and supplies used in connection with its properties It furnishes heat and hot water and keeps the public hallways and stairways lighted. In short, it seeks to maintain its properties in good repair and in a safe and proper condition. In so doing, it acts no differently from any private owner of real property. Of necessity, it must purchase fuel, gas and electricity.

It is urged that under subdivision (c) of section 4 of the Home Owners' Loan Act (U. S. Code, tit. 12, § 1463, subd. [c]), the corporation is immune from local taxation. The statute as I read it does not grant such immunity, either expressly or impliedly.

It is well settled that a government corporation does not enjoy· immunity from taxation merely because it is such. Congress may of course endow such a corporation with the government's immunity

but the question always is, has it done so? (*Keifer & Keifer* v. *R. F. C.*, 306 U. S. 381, 388; *Reconstruction Finance Corp.* v. *Menihan Corp.*, 312 id. 81.)

The argument that Congress has granted such immunity is too far-fetched to be convincing.

It is also urged that the tax hinders and embarrasses the corporation in the performance of its governmental functions, and that, therefore, the local law is to that extent invalid.

There can be no doubt that the corporation, in making and financing mortgage loans performed a governmental function. But this function came to an end when it ceased to make such loans. When its activities became limited to servicing, salvaging and management operations, thus bringing it into direct competition with private owners of real estate, it ceased to perform any of its governmental functions. It then became as amenable to taxation as any private person or corporation engaged in the same enterprise. (*Federal Land Bank* v. *Bismarck Lumber Co.*, [N. D.] 297 N. W. 42; *Pittman* v. *Home Owners' Loan Corp.*, 308 U. S. 21.)

I have been unable to find any case directly in point, nor has any been called to my attention. The *Federal Land Bank* case (*supra*), however, while not on all fours, is persuasive authority in support of the validity of the local law in so far as it applies to a governmental agency under similar conditions. That case holds that the tax laid on sales to a Federal Land Bank of lumber and other building material to be used in the conservation and repair of buildings and fences on farm lands acquired by the bank through foreclosure of mortgages securing farm lands made pursuant to the Federal Farm Land Act, is a valid and constitutional tax.

It is true that the stock of the Federal Land Bank is, in the main, privately owned; while that of the Home Owners' Loan Corporation is entirely government owned. But that circumstance does not, in my opinion, distinguish the *Federal Land Bank* case from the case at bar. The test is not whether the stock of a governmental agency is privately or publicly owned, but whether the making of the purchase for which the sales tax is imposed is for an enterprise which is essential to the performance of the governmental function for which the agency was created. If it is essential, the agency is not subject to the sales tax. If it is not essential, it is amenable to taxation. Applying this test, it would seem that when the corporation made the purchase in question, even though incidental to the management of one of the properties acquired through foreclosure, it was not engaged in the performance of the governmental function for which it was created. The tax was, therefore, properly imposed.

The petition is dismissed.