### UNITED STATES v. SHERMAN et al.

District Court, N. D. New York.

Oct. 14, 1941.

464

Ralph L. Emmons, U. S. Atty., of Binghamton, N. Y. (T. Joseph Coffey, Asst. U. S. Atty., of Auburn, N. Y., of counsel).

Van Kirk & Dewell, of Greenwich, N. Y., for defendants.

COOPER, District Judge.

This is an action brought by the United States on behalf of the Administrator of the Resettlement Administration, an agency of the United States.

On May 2nd, 1936, one Alice M. Johnson, a resident of Washington County, gave a chattel mortgage to the Administrator of the Resettlement Administration covering certain cattle enumerated therein and the mortgage contained the further conditions that it covered substitutions and increases of any nature. The exact language of the relevant provision of the mortgage is as follows:

"All property of the classes described above which the mortgagee may acquire hereafter by sale or exchange of any of the property mortgaged hereby or increases of the mortgaged live stock, or substitutions, replacements or additions to any of the property mortgaged hereby."

The said mortgage was immediately filed in the Town Clerk's office of the town in which the said Alice M. Johnson resided.

On May 21st 1937, the said Alice M. Johnson gave another mortgage to the administrator of the resettlement administration also covering cattle and containing the same provisions relative to after acquired property, increases, substitutions and replacements as were contained in the previous mortgage of May 2nd, 1936. This mortgage was also immediately filed in the proper Town Clerk's office.

After the execution of the first mortgage and prior to its extinguishment, certain substitutions of cattle were made and increases had and the same were not particularly described in the second mortgage but after the second mortgage was given there were also certain increases and substitutions in the cattle covered by the said mortgage.

On August 2nd, 1937, one J. Leland Sherman obtained a judgment for $649.59 against the said Alice M. Johnson and thereafter and on the 4th day of November 1939, an execution was issued directing the Sheriff to levy on the property of the said Alice M. Johnson to satisfy the said Judgment.

By virtue of such execution the sheriff of Washington County levied upon certain cattle of the defendant, Alice M. Johnson, which the judgment creditor contends was not covered by the two chattel mortgages.

The property seized by the Sheriff consisted of one black cow, one Jersey heifer,

three red and white heifers, two red and white calves, one year and one half old black and white bull, 1 goat, 2 geese.

About ten minutes before the sale the Sheriff was handed a notice by an agent of the Resettlement Administration that the property advertised for sale under the execution was covered by a chattel mortgage held by the resettlement administration. The Sheriff disregarded such notice and sold the property. The sale price was $159.79.

Upon the trial the plaintiff produced as its only witness a Mr. Clerk, Supervisor of Rural Rehabilitation and the Agent through whom the loan was made by the Resettlement Administration. He testified that the animals sold were worth $230.

The defendants offered two witnesses: One Cyrus Montgomery, a farmer at Shushan, N. Y., and George Pierce a farmer of Easton, N. Y., both of the County of Washington. These two men were present at the sale, examined the stock sold and testified as to the condition of the stock and the value. The one witness testified the value was between $130 and $136. The other witness testified that the value was between $149.50 and $158.

At the conclusion of the trial the defendant renewed its motion to dismiss on the following grounds.

(1) That no affidavit was served on the Sheriff before the time of sale as was provided in Section 696 of the Civil Practice Act.

(2) That the plaintiff failed to commence its action within three months thereafter as provided by Section 697 of the Civil Practice Act.

(3) That chattel mortgage is valid only as to property in possession of the mortgagor at the time of execution of the mortgage and is invalid as to any after acquired property, increases, substitutions and replacements and that the property seized and sold by the sheriff was not in the possession of the mortgagor at the time of the execution of the chattel mortgage and therefore could not be covered by such chattel mortgage.

(4) Section 333 of the Unconsolidated Laws of the State of New York, which purports to permit mortgages running to the Federal Government to cover increases, replacements etc, is unconstitutional.

■ Such agencies as the Resettlement Administration, Home Owner's Loan, etc, are constitutional Federal Agencies. They exercise governmental functions and have full power to do what is necessary to carry out such functions. Pittman v. Home Owners' Loan Corporation, 308 U.S. 21, 32, 60 S.Ct. 15, 84 L.Ed. 11, 124 A.L.R. 1263; Graves v. People of State of New York, ex rel. O'Keefe, 306 U.S. 466, 477, 59 S.Ct. 595, 83 L.Ed. 927, 120 A.L.R. 1466; Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 209, 212, 41 S.Ct. 243, 65 L.Ed. 577; North Dakota & Montana Wheat Growers' Association v. United States, 8 Cir., 66 F.2d 573, 92 A.L.R. 1484.

■ When such an agency is created and in operation, being in the exercise of a Governmental function, it is not bound by State Statutes of Limitation. Pitman v. Home Owners' Loan Corporation, supra; Chesapeake & D. Canal Company v. United States, 250 U.S. 123, 39 S.Ct. 407, 63 L.Ed. 889; Phillips et al. v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Person v. United States, 8 Cir., 112 F.2d 1.

■ It follows, therefore, that the plaintiff was not bound by the New York State Statute of Limitations and may maintain this action.

■■ Section 331 of the Unconsolidated Laws, Chapter 659 of the Laws of 1934, is part of an attempt by the State of New York to assist the Federal Government and its said sovereign agencies in their efforts to aid the needy and those unable to obtain aid elsewhere. The fact that such a statute empowers a chattel mortgage taken by a Federal agency to cover increases and substitutions as well as chattels then in possession does not make it unconstitutional.

The State sovereignty has all the powers of the sovereign except as limited by the State Constitution and in that respect differs from the Federal Sovereignty which has only such powers as are granted by the Federal Constitution or are necessarily implied therefrom. No provision of the State Constitution forbids such statute.

The defendants cite no case showing the unconstitutionality of such a state statute and this Court ventures the assertion that none can be found.

Cases holding that when the Federal, State or Municipal Government goes into business in competition with private business, such Governments are bound by the same statutes of limitations and other state statutes as are individuals and corporations, are not applicable here, for the reason that

the U. S. Supreme Court has held in the cases above cited that in such activities as in the case at bar and others, the Government is exercising a Governmental function and is, therefore, not going into business in competition with private business. This purpose to aid those who cannot get aid from private agencies is made plain in the statute itself.

This brings us then to the question of the value of the property sold. This Court finds that a fair and reasonable value of the property covered by the chattel mortgage which was sold by the Sheriff is the sum of $149.99 and judgment for plaintiff is granted for that sum against the defendants who have been substituted, on motion of defendants, in place of the Sheriff.

Judgment may be entered in accordance herewith.