## UNITED STATES v. BOWDEN.

### Civ. A. 195; Civ. A. 4031.

United States District Court
N. D. Georgia, Newnan Division; Atlanta Division (Rehearing).

April 21, 1950.

Rehearing Denied July 5, 1951.

four-year period of limitation became operative as to this claim. By the amendment of June 7, 1949, the period of limitation was extended to six years. It is seen that the Federal corporation thus acquired the claim on July 1, 1948 and brought this suit on January 6, 1950, well within the statutory limitation.

The Motion to Dismiss contained in Count One of the plea and answer filed February 11, 1950 and Count One (A) of the amended plea and answer filed on March 6, 1950 are each denied.

This April 21, 1950.

J. Ellis Mundy, U. S. Atty., F. Douglas King, Asst. U. S. Atty., Atlanta, Ga., for the plaintiff.

J. Wightman Bowden, Atlanta, Ga., for the defendant.

HOOPER, Chief Judge.

In his plea and answer and the amendment thereto, the defendant contends that this suit is barred by state and Federal Statutes of Limitation.

State Statutes of Limitation are inapplicable where the Federal Statute prescribes a limitation of time within which the action must be brought. Therefore, I find it unnecessary to consider the effect of the pertinent Statute of Limitations of the State of Georgia.

Section 4 (c) of the Commodity Credit Corporation Charter Act as amended June 7, 1949, provides in part as follows: "No suit by or against the Corporation shall be allowed unless (1) it shall have been brought within six years after the right accrued on which suit is brought". 15 U.S. C.A. § 714b (c).

Prior to this enactment, there was no limitation within which the United States or its agency, the original Commodity Credit Corporation (a Delaware corporation) might take action on this claim. When that corporation was dissolved and its assets transferred to the new Commodity Credit Corporation (a Federal corporation) as at midnight, June 30, 1948, the above quoted section then containing a

## On Motion for Rehearing.

Defendant has made a motion for rehearing seeking to revoke order of this court entered on April 21, 1951 which rules that the note sued upon is not barred by statute of limitations.

It appears from the record that the note sued upon was executed and delivered to Commodity Credit Corporation, a Delaware corporation, on April 2, 1942 and matured November, 1942, and was held by it ever since.

By Act of Congress effective July 1, 1948, Commodity Credit Corporation, Delaware, was dissolved and Commodity Credit Corporation, a federal corporation, was created and assumed all the obligations and rights of the former.

Commodity Credit Corporation at the time of acquiring said note, and at all times thereafter, has been a federal instrumentality of Government. As a Delaware Corporation and as a federal corporation its functions have been the same. It has at all times acted in a governmental capacity, concerning public rights. It can not be said, as defendant contends, that the Commodity Credit Corporation, whether as a Delaware or a federal corporation, was a private corporation acting only in its own behalf. As an arm of the Agricultural Department, wholly owned and financed by the United States Government, operated by employees of the United States within the Department of Agriculture, it must be considered as an instrumentality and agency of the United States. Insurance Com-

pany of North America v. United States, 4 Cir., 1947, 159 F.2d 699.

By Act of Congress, effective June 7, 1949, a period of limitations of six years was provided for said government agency, 15 U.S.C.A. § 714b and this suit filed in January, 1950, was within that period of limitations. The note, therefore, is not barred unless said statute was retroactive. The Act, however, is not retroactive and consequently the period of time that elapsed, which was subject to the statute of limitations, was that period of time from 1948 to 1950, consequently action on the note is not barred. See The Fred Smartley, Jr., S. C. Loveland Co., Inc., v. Pennsylvania Sugar Co., 4 Cir., 1940, 108 F.2d 603, at page 608.