### UNITED STATES v. LINDSAY et al.
### Civ. A. No. 52–220.

United States District Court
D. Massachusetts.

April 28, 1952.

George F. Garrity, U. S. Atty., Stanley W. Wisnioski, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Edward C. Park, Withington, Cross, Park & McCann, Boston, Mass., for defendants.

SWEENEY, Chief Judge.

In this action the plaintiff seeks to recover damages under a wool storage contract between Commodity Credit Corporation (hereinafter referred to as Commodity), a federally chartered corporation, and the defendant Lindsay. It alleges that a corporate predecessor to Commodity entered into a wool storage contract with Lindsay under which he agreed to and did store wool which he acquired in first class condition, but that when the wool was returned to Commodity on February 26, 1945 it was in a wet and damaged condition. It is asserted that this damage was caused by the failure of the defendant Lindsay to perform his obligation under the contract for proper storage and for such care as the wool needed to be kept in a good condition. The other defendants are the warehouseman who stored the wool and various surety companies.

■ The defendants have filed a Motion to Dismiss, claiming among other things that the cause of action is barred by the Statute of Limitations. This Court is of the opinion that the motion should

be allowed. Title 15 U.S.C.A. § 714b(c) provides in part that:

"No suit by or against the Corporation shall be allowed unless (1) it shall have been brought within six years after the right accrued on which suit is brought, * * *.

* * * * * *

"Any suit by or against the United States as the real party in interest based upon any claim by or against the Corporation shall be subject to the provisions of the subsection (c) of this section to the same extent as though such suit were by or against the Corporation".

The right of action in this case accrued to Commodity's corporate predecessor on February 26, 1945 when the wool was returned in damaged condition. This suit was not brought until February 29, 1952. Consequently it is barred.

The original Commodity, a Delaware Corporation, was created as an agency of the United States in October, 1933, pursuant to Executive Order No. 6340. On June 29, 1948 the Commodity Credit Charter Act transformed Commodity into a federal corporation and provided among other things that:

"The assets, funds, property, and records of * * * (the) Delaware corporation, are transferred to the Corporation."

and that

"The enforceable claims of or against Commodity Credit Corporation * * * shall become the claims of or against, and may be enforced by or against, the Corporation".

See 15 U.S.C.A. § 714n. This act also provided for a four-year period of limitations which was extended to six years by amendment in June, 1949, 63 Stat. 154, 156. Prior to the year 1948 there was no federally enacted provision containing a period of limitations applicable to suits by or against Commodity.

The Government contends that the statutory period of limitations enacted in 1948 operates prospectively and not retroac-

tively, and that as a result the present action is not barred. In support of this contention the Government cites United States v. Bowden, D.C., 105 F.Supp. 264; and two unreported decisions: United States v. Rabinoff, Civil No. 12290-Y, United States District Court for the Southern District of California; United States v. Hain, Civil No. 708-N, United States District Court for the Northern Division of the Middle District of Alabama.

This Court agrees that these cases stand for the proposition attributed to them by the Government, but regrets that it cannot agree with the distinguished jurists who rendered these decisions. It is my opinion that the limitation provision under consideration was intended to operate both prospectively and retroactively. I base my conclusion on the plain and unequivocal language of § 714b(c) of title 15 U.S.C.A. That section requires that the action be brought "within six years after the *right accrued* on which suit is brought". To translate "accrued" as the equivalent of "acquired" by the Government or to read into the statute a provision to the effect that the period of limitation "accrues" only from the date of enactment of the statute seems to fly in the face of the express language of § 714b(c).

The Motions to Dismiss are allowed.