## UNITED STATES v. PARAMOUNT DISTILLERS, Inc.

Civ. No. 29652.

United States District Court
N. D. Ohio, E. D.
March 30, 1953.

John J. Kane, Jr., Dist. Atty., Cleveland, Ohio, for plaintiff.

Bernard Friedman, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

■ In this action the United States sues on behalf of the Commodity Credit Corporation to recover the balance due of the purchase price of Irish potatoes delivered to defendant under three contracts, and incidental shipping charges. The action is founded upon Title 15 U.S.C.A. § 714. That Section transformed the original Commodity Credit Corporation, a Delaware corporation, into a federal corporation on June 30, 1948, and provided that the new corporation could enforce the claims of its predecessor. Section 714n. It also imposed a four year period of limitation on suits by or against the corporation, which was extended to six years by the amendment of June 7, 1949, 63 Stat. 154.

The statute of limitations in the Act is made applicable to suits by or against the United States as the real party in interest. Section 714b(c). The limitation period is to run from the time the right "accrues" on which suit is brought. Section 714b(c).

The contracts in suit were executed in June, 1946. Complaint, paragraphs 4, 5, and 6, Exhibits A, B, and C. Deliveries under the contracts were completed and the contracts cancelled in August, 1946. Complaint, Exhibit C.

The complaint in this action was filed on October 29, 1952. Defendant asserts that the action is barred by the limitation provisions of the Act and moves for summary judgment in its favor under Rule 56, Fed. Rules Civ.Proc. 28 U.S.C.A.

Prior to the enactment of the Commodity Credit Corporation Charter Act of June 29, 1948, there was no limitation within which suits might be brought by or against the Corporation. The Corporation succeeded to all claims of or against its predecessor as of June 30, 1948, including the present claim. The present claim "accrued" within the meaning of the Act on June 30, 1948 and suit has been brought within the six year period now applicable to such suits.

■ The statutory period of limitations should be construed to operate prospectively and not retroactively. Field Packing Co. v. U. S., 6 Cir., 197 F.2d 329; U. S. v. Bowden,

D.C.N.D.Ga., 105 F.Supp. 264, cf. U. S. v. Lindsay, D.C.Mass., 105 F.Supp 467. To hold otherwise, the court would have to attribute the harsh intent to Congress to bar many claims by statutory enactment, both of the Corporation and of private persons dealing with the Corporation. The language of the Act is susceptible of an interpretation which would preserve such rights and this construction should be adopted.

Accordingly, the motion of defendant will be denied.