ROGERS *v.* UNITED STATES.

March 22, 1954

No. 39140 58 Adv. S. 39 71 So. 2d 214

*Dent & Dent,* Collins, for appellant.

*Jesse W. Shanks,* Purvis, for appellee.

HALL, J.

In the year 1931 R. A. Pickering obtained from the United States of America what is commonly called a seed and feed loan in the amount of $1,000.00 and executed his note for that amount due October 31, 1931, bearing interest from date at the rate of 5% per annum. To secure payment of this note he also executed a mortgage on all crops to be produced by him in the year 1931. Mr. Pickering died testate on August 2, 1952, and appellant herein was appointed executor. Within six months after publication of notice to creditors, appellee probated its claim against the estate in the amount of $173.15 balance due on the principal of said note and $174.53 interest accrued to September 1, 1952, and a daily interest of $.02372 thereafter. The claim was contested by appellant and evidence taken thereon.

The chancellor found as a fact that the claim was established by the overwhelming preponderance of the evidence. The government records of payments on the note were introduced in evidence and are not substantially disputed, and they reflect the balance due as found by the chancellor. Moreover, as late as June 12, 1952, Mr. Pickering made a written application to the government for a settlement by discount of the balance due on said note, and admitted therein that he owed on the note at that time a balance of $173.15 principal and $169.85 interest to that date. This application was rejected on recommendation of the county committee and the county supervisor for the reason that it showed that Mr. Pickering owned property of the value of $12,300.00

and owed debts of only $250.00 in addition to the balance due on the loan. We are of the opinion that the chancellor's finding is abundantly supported by the evidence in the case.

Appellant contends, however, that the government's claim is barred by laches and the statute of limitation of Mississippi. We think this contention has been answered by the Supreme Court of the United States.

In the case of United States v. Summerlin, 310 U. S. 414, 60 S. Ct. 1019, 84 L. Ed. 1283, it is said:

"It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights. United States v. Thompson, 98 U. S. 486, 25 L. Ed. 194; United States v. Nashville, C. & St. L. R. Co., 118 U. S. 120, 125, 126, 30 L. Ed. 81, 6 S. Ct. 1006; Stanley v. Schwalby, 147 U. S. 508, 514, 515, 37 L. Ed. 81, 83, 13 S. Ct. 418; Guaranty Trust Company v. United States, 304 U. S. 126, 132, 82 L. Ed. 1224, 1227, 58 S. Ct. 785; Jackson County v. United States, 308 U. S. 343, 84 L. Ed. 313, 317, 60 S. Ct. 285. The same rule applies whether the United States brings its suit in its own courts or in a state court. Davis v. Corona Coal Company, 265 U. S. 219, 222, 223, 68 L. Ed. 987, 989, 44 S. Ct. 552.

"We are of the opinion that the fact that the claim was acquired by the United States through operations under the National Housing Act does not take the case out of this rule. The state court treated the case as in the same category as one of 'statutes providing for conveyancing and marketing negotiable instruments, and conducting other business relations.' But this is not a case relating to the application of the law merchant as to the transfer of negotiable paper and the diligence necessary to charge an indorser or as to the incurring by the United States of certain responsibilities by becoming a party to such paper. United States v. Barker, 12 Wheat. (U. S.) 559, 6 L. Ed. 728; Cooke v. United States, 91 U. S. 389, 396, 23 L. Ed. 237, 342. Even as

the holder of such paper, as e. g. negotiable bonds, the United States suing the maker is not bound by a state statute of limitations. United States v. Nashville, C. & St. L. R. Co., 118 U. S. 120, 30 L. Ed. 81, 6 S. Ct. 1006, supra. When the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement. Chesapeake & D. Canal Co., v. United States, 250 U. S. 123, 126, 127, 63 L. Ed. 889, 892, 39 S. Ct. 407.''

In Person v. United States, 112 F. 2d 1, (Certiorari denied 311 U. S. 672, 85 L. Ed. 432, 61 S. Ct. 35) the Court of Appeals for the Eighth Circuit said:

''The issue controlling as to limitations or laches (treated together by us) is whether the United States was, in the action to collect this note, proceeding in a sovereign capacity or not.

''This loan was made under a 'Joint Resolution for the relief of farmers in the drought and/or storm stricken areas of the United States' (46 Stat. 1032). It is a matter of public knowledge and of judicial cognizance that during the year 1930 there had been large areas in the United States where crops had failed because of drought or had been destroyed by storms or hail. It was to meet these deplorable situations by enabling farmers to put in crops in 1931 and to preserve their livestock, that this Joint Resolution was passed and became law on December 20, 1930. The Resolution appropriated $45,000,000 to be used in loans or advancements to such farmers or to purchase seeds, fertilizers and farm equipment which could be sold to such farmers. The expenditure of this money for these purposes was placed in charge of the Secretary of Agriculture. A lien upon the 1931 crops was declared sufficient security for such loans, advancements or sale moneys. False statements to procure such were declared criminal and prescribed penalties.

"This loan was for $3,000 evidenced by a note executed March 25, 1931; due October 31, 1931; bearing 5% interest and secured by a mortgage on the crops grown during 1931 on described land.

"This Resolution was not intended to put the United States into any 'private' money business. It was solely an act of grace by the sovereign to meet a temporary emergency which had grasped certain citizens and left them temporarily in dire need of help. This it did from public funds. In no way is this situation altered by arrangements for repayment by beneficiaries. The United States was acting purely in its capacity as a sovereign. The note and mortgage here were appropriate means of exercising this sovereign power. Pittman v. Home Owners' Loan Corporation, 308 U. S. 21, 31, 32, 60 S. Ct. 15, 84 L. Ed. 11, 124 A. L. R. 1263.

 "It is firmly established that, as to enforcement of obligations arising out of exercise of sovereign power, no State statute of limitations nor any laches can be urged against the sovereign (cases cited in footnote 1).

"Therefore, the statute of limitations of the State of Arkansas, relied upon by appellant, is of no avail."

See also United States v. Miller, 28 F. 2d 846, 61 A. L. R. 405, and annotation in 61 A. L. R. 412.

 The note in the case at bar recites that it is given "for a like amount loaned by the Secretary of Agriculture to me pursuant to the Joint Resolution of Congress, approved December 20, 1930, for the purchase of seed, fertilizer, feed for work stock, and/or fuel and oil for tractors." The loan was made under identically the same law, for the same purposes, and on almost the same day as the loan involved in the Person case, supra. We think that case is on all-fours with this one and is decisive of the questions raised by appellant. The decree appealed from will therefore be affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.