**UNITED STATES of America,**
**Plaintiff,**

v.

**John C. HICKS et al., Defendants.**
**Civ. No. 2815.**

United States District Court
N. D. Texas, Fort Worth Division.
Jan. 14, 1956.

Heard L. Floore, U. S. Atty., W. B. West, III, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff.

Cantey, Hanger, Johnson, Scarborough & Gooch, J. A. Gooch, Fort Worth, Tex., for defendants John C. Hicks and Houston Fire & Casualty Ins. Co.

ESTES, District Judge.

This is an action brought by the United States of America based on a claim of Commodity Credit Corporation, a wholly owned corporate agency of the United States. The pleadings reflect that on August 4, 1948, Commodity Credit Corporation, sometimes hereinafter referred to as "Commodity", entered into a contract with North Side Public Warehouse Company for the storage of agricultural commodities. Other contracts were executed for the same purpose at later dates by Commodity and North Side Public Warehouse Company, or its successor, Great West Mills, a partnership composed of John C. Hicks and Lewis E. Meekins, who assumed all of the obligations of North Side Public Warehouse Company under such contracts. The dates of these subsequent contracts, however, are not relevant here. The performance of certain of the contracts referred to above was secured by bonds which had been executed by Houston Fire and Casualty Insurance Company as surety.

Pursuant to such contracts, Commodity stored and caused to be stored in the warehouses of North Side Public Warehouse Company and its successor, Great West Mills, large quantities of grain sorghum or yellow milo during 1948 and subsequent years. Because of the failure of Great West Mills to re-deliver all of such grain sorghum on demand, as required by its contracts, the Government filed this suit on June 14, 1954, against Hicks, Meekins and Houston Fire and Casualty Insurance Company. The Insurance Company now asserts that the Government's cause of action "is barred by the Statute of Limitations", which defense the Government has moved to strike on the ground that it is insufficient in law.

The only Federal statute of limitation applicable to suits by or against the Commodity Credit Corporation is contained in the Commodity Credit Corporation Charter Act. Originally the period of limitation was set by Congress at four years, but it was extended to six years in 1949. 15 U.S.C. § 714 b(c), 62 Stat. 1070, 63 Stat. 154, 156, 15 U.S.C.A. § 714b(c). From the complaint, however, it appears that the cause of action asserted by the Government was not barred by this statute, either in 1949 when the period of limitation was extended from four to six years, or on June 14, 1954, when this suit was filed. The only question, therefore, is whether

the Government's cause of action may be barred by a state statute of limitation.

■■ It is a well-settled rule of law that the United States is not bound by state statutes of limitation in enforcing its rights. United States v. Summerlin, 1940, 310 U.S. 414, 60 S.Ct. 1019, 84 L. Ed. 1283; Person v. United States, 8 Cir., 1940, 112 F.2d 1, certiorari denied, 311 U.S. 672, 61 S.Ct. 35, 85 L.Ed. 432; United States v. Thomas, 5 Cir., 1939, 107 F.2d 765. The underlying reason for the rule which grants the Government immunity from the operation of statutes of limitation, except where Congress has clearly manifested its intention that it should be so bound, is said to be one of public policy, equally applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided. United States v. Nashville, Chattanooga & St. Louis Railroad Co., 1886, 118 U.S. 120, 6 S.Ct. 1006, 30 L.Ed. 81; Guaranty Trust Co. of New York v. United States, 1938, 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224.

■ Nor does the fact that the Government chooses to act in certain instances through the instrumentality of a wholly-owned corporation affect its sovereign rights and immunities. Graves v. People of State of New York ex rel. O'Keefe, 1939, 306 U.S. 466, 477, 59 S. Ct. 595, 83 L.Ed. 927; United States Shipping Board Emergency Fleet Corporation v. Western Union, 1927, 275 U.S. 415, 48 S.Ct. 198, 72 L.Ed. 345. The contrary view would not only give effect to form rather than substance, it would be impracticable as well. It is not difficult to imagine the confusion that would result if an agency of the Federal Government were to be subjected to the varied statutes of limitation of all forty-eight states. Accordingly, both the Home Owners Loan Corporation and the Reconstruction Finance Corporation have been held to possess the same immunities as does the Government itself. Pittman v. Home Owners' Loan Corporation, 1939, 308 U.S. 21, 60 S.Ct. 15, 84 L.Ed. 11; United States v. Borin, 5 Cir., 1954, 209 F.2d 145. Certainly the role of Commodity Credit Corporation as an agency of the Government is comparable to that of the Home Owners Loan Corporation and the Reconstruction Finance Corporation. All were created by the Federal Government to aid in the administration of various governmental functions and all are wholly owned by the Government. I can perceive no material distinction which would justify the application of a different rule to Commodity Credit Corporation.

The only case which has been called to the Court's attention involving the applicability of a state statute of limitation to Commodity Credit Corporation is United States v. Bowden, D.C.N.D.Ga. 1950, 105 F.Supp. 264, 265. In that case the Court held that state statutes of limitation are inapplicable where a Federal statute prescribes a limitation of time within which suit must be brought, as in the case of Commodity Credit Corporation, and that prior to the enactment of such limitation by Congress there was no limitation on the time within which suits by or against the Corporation must be brought. On rehearing the Court characterized Commodity Credit Corporation as follows:

"As an arm of the Agricultural Department, wholly owned and financed by the United States Government, operated by employees of the United States within the Department of Agriculture, it must be considered as an instrumentality and agency of the United States."

■ I cannot see that there is any material difference between the Home Owners Loan Corporation, the Reconstruction Finance Corporation, and Commodity Credit Corporation, insofar as the doctrine of sovereign immunity is concerned, and for that reason I consider the decision of the Supreme Court in United States v. Pittman, supra, and that of the Court of Appeals for the Fifth Circuit in United States v. Borin, supra, to be controlling. I therefore hold that Commodity Credit Corporation is im-

mune from the operation of state statutes of limitation.

The Government's motion to strike certain portions of the answer of the defendant Houston Fire and Casualty Insurance Company is granted.