**UNITED STATES of America,**
**Plaintiff,**

v.

**WORLDWIDE CARRIERS, LTD. and the SS IRISH MAPLE, SS AMASIA, SS ZANETTA II, and SS MITERA MARIA, their engines, tackle, etc., Defendants.**

**No. 69 Civil 204.**

United States District Court
S. D. New York.
July 28, 1969.

Louis E. Greco, Atty. in Charge, Admiralty and Shipping Section, U. S. Dept. of Justice, New York City, Gilbert S. Fleischer, New York City, of counsel, for plaintiff.

Donald F. Mooney, New York City, for defendants.

## MEMORANDUM

TENNEY, District Judge.

This is an action brought by the United States of America against Worldwide Carriers, LTD. (hereinafter referred to as "Worldwide") and others to recover for allegedly illegal surcharges imposed on certain relief cargoes consigned to the Government of India, CARE and Catholic Relief Services. The defendant Worldwide has filed an answer and counterclaim in which it seeks to recover for various storage, demurrage and lighterage charges, all arising out of the same transaction or transactions as are set forth in the complaint.

It appears that the United States Department of State, through the Agency for International Development (AID), pursuant to Title II, Public Law 480, 83rd Cong., 68 Stat. 457, and amendments thereto (7 U.S.C. § 1721 et seq.) and Executive and other Orders issued thereunder, authorized the Commodity Credit Corporation (hereinafter referred to as "Commodity"), an agency and instrumentality of the United States within the Department of Agriculture, to transfer and deliver the various commodities and arrange the ocean transportation of such commodities and to pay the cost of such transportation. It further appears that the transport authorization issued by AID herein incorporated the terms and conditions of AID Regulation 11 (31 F.R. 6105, April 21, 1966), which provided that the United States shall be entitled to prosecute and retain the proceeds of all loss and damage claims against the carriers.

Defendant now seeks to bring in Commodity as a third-party defendant under Rule 14 of the Federal Rules of Civil Procedure, alleging in its third-party complaint the identical claim set forth in its counterclaim against the plaintiff.

Rule 14(a) permits a defendant, at any time after commencement of the action, to bring in "a person not a party to the action." If such person is already a party e.g., the plaintiff, a third-party petition as to him is completely unnecessary. Rouley v. State Farm Mut. Auto. Ins. Co., 235 F.Supp. 786, 788 (W.D.La. 1964). As an arm of the Department of Agriculture, Commodity must be considered as an instrumentality and agency of plaintiff United States. United States v. Bowden, 105 F.Supp. 264 (N.D. Ga.1950). A claim against Commodity is a claim against the United States. Rainwater v. United States, 356 U.S. 590, 78 S.Ct. 946, 2 L.Ed.2d 996 (1958). Since in a suit against the United States it is not necessary to join Commodity as a party defendant, it follows that it is

not necessary when defendant alleges a counterclaim against the United States. Insurance Co. of North America v. United States, 159 F.2d 699, 702 (4th Cir. 1947). Defendants' motion is accordingly denied.

So ordered.