**UNITED STATES of America**

v.

**M/V TAY, her engines, machinery, tackle, apparel, etc. in rem.**

Civ. No. 95–1068.

United States District Court, W.D. Louisiana, Louisiana Division.

July 28, 1995.

Thomas B. Thompson, U.S. Attorney's Office, Lafayette, LA, Timothy R. Lord, U.S. Dept. of Justice, Washington, DC, for plaintiff.

---

**10.** Memorandum in support of motion for partial summary judgment, p. 4–5. (R.Doc. 22.)

**11.** *Id.* at 23–25.

Clayton A. Davis, Samuel B. Gabb, Lake Charles, LA, for defendant.

## *MEMORANDUM RULING*

EDWIN F. HUNTER, Jr., Senior District Judge.

In June 1993, the United States by and through its Agency for International Development ("AID") and the Commodity Credit Corporation ("CCC"), donated certain food products to private relief organizations, World Vision Relief & Development, Inc. ("World Vision") and Doulos Community ("Doulos"), for shipment and distribution to needy persons in Africa.

The cargo was discharged at two ports in Africa between July 26, 1993 and October 4, 1993. During the unloading process, it was discovered that portions of the cargo were damaged, shortlanded, contaminated or otherwise not delivered.

Both World Vision and Doulos made written "Assignments" to CCC on or before February 4, 1994. On September 27, 1994, the United States, on behalf of CCC, filed an admiralty action for breach of a maritime contract of carriage. This suit was filed in the United States District Court, Southern District of New York *in personam* against African Bulk; and *in rem* against the M/V TAY. The M/V TAY has not subsequently appeared in that District.

On June 21, 1995, the M/V TAY was found in the Western District of Louisiana. The United States filed an *in rem* action against the vessel and undertook its arrest pursuant to Rules C and E, *Supplemental Rules For Certain Admiralty And Maritime Claims.* The arrest process was halted when a Letter of Guarantee [Undertaking] was issued on behalf of the M/V TAY in the amount of $925,000. Subsequently, the vessel left the United States bound for Africa.

Defendant now alleges that this action by the United States on behalf of the CCC is barred by the one-year statute of limitations contained in § 1303(6), of the Carriage Of Goods By Sea Act ("COGSA"), 46 U.S.C.App. §§ 1300–1315. The pending motion for dismissal for pursuant to Rule 12(b)(6), Fed. R.Civ.P. is pegged upon this contention.

The Fifth Circuit decision of *United States v. Central Gulf Lines, Inc.,* 974 F.2d 621 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1274, 122 L.Ed.2d 669 (1993), is precisely on point. The Court held that where an assignment to CCC of a claim arising out of a maritime contract of carriage occurs within the one year period of 46 U.S.C.App. § 1303(6); the six-year statute of limitations (applicable to all actions involving the CCC) contained in 15 U.S.C. § 714b(c) governs suits brought by the United States on behalf of the CCC arising from the carriage contract. *Id.* at 629; *see, United States v. Hicks,* 137 F.Supp. 564 (N.D.Tex.1956) ("The only Federal statute of limitation applicable to suits by or against the [CCC] is contained in [15 U.S.C. § 714b(c) ]"). Specifically, the *Central Gulf* court held:

> Private parties, such as the relief organizations, have one year from the date of delivery to file a COGSA claim for cargo loss. *See,* 46 U.S.C. § 1303(6). Where as here, the United States asserts a claim on behalf of CCC, the United States is subject to the longer statute of limitations period of six years. *See United States v. Currency Totalling $48,318.08,* 609 F.2d 210, 214 (5th Cir.1980), the private relief organizations must have had causes of action not barred by the statute of limitations when they assigned their rights to CCC. Therefore, for the United States to have standing, CCC must have received the assignments within one year from the date that the cargo was delivered.

Put simply: The private relief organizations must have had causes of action not barred by the statute of limitations when they assigned their rights to CCC. Admittedly, the assignments to CCC were well within the "one year" of the date of the delivery of the cargo. Where, as here, the United States asserts a claim on behalf of CCC, the United States is subject to the longer statute of limitations period of six (6) years. 15 U.S.C. § 714b(c) (1988).

Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is DENIED.