UNITED STATES of America

v.

Forest L. KNAPP, Register and Recorder of Deeds of Crawford County and Gerald A. Gleason, Secretary of Revenue of Commonwealth of Pennsylvania.

Civ. No. 5426.

United States District Court
M. D. Pennsylvania.
Jan. 16, 1959.

Robert J. Hourigan, U. S. Atty., Edwin M. Kosik, Asst. U. S. Atty., William D. Morgan, Asst. U. S. Atty., Scranton, Pa., for plaintiff.

Herbert B. Cohen, Atty. Gen., Edward Friedman, Deputy Atty. Gen., Harrisburg, Pa., for defendants.

FOLLMER, District Judge.

This suit is in the nature of a mandamus proceeding brought by the United States of America against Forest L. Knapp, Recorder of Deeds of Crawford County, Pennsylvania, in the United States District Court for the Western District of Pennsylvania, to compel the recording of a deed from John E. Sloan, United States Marshal, to the United States of America.

On June 3, 1953, the United States of America secured a judgment against William W. Shipton and wife, on a complaint alleging a breach of certain covenants contained in a mortgage and bond from the Shiptons to the United States of America secured by certain lands of the debtors situate in Crawford County, Pennsylvania. The said mortgage and bond were executed and delivered under

and in pursuance of the provisions of Farmers' Home Administration, an agency of the United States of America.

Pursuant to an order of the District Court, the United States Marshal for the Western District of Pennsylvania, after due advertisement, sold the mortgaged property to the United States of America. The sale was confirmed and upon becoming absolute the court ordered the Marshal to execute and deliver a deed for the said property to the United States of America, which was done. The deed was then forwarded to the defendant with a demand that the same be recorded. The defendant refused to so record prior to the payment of the Pennsylvania Realty Transfer Tax. The original complaint was then filed, when defendant moved to dismiss for the following reasons:

1. Defendant is the statutory agent of the Secretary of Revenue for the Commonwealth of Pennsylvania for the collection of the State Realty Transfer Tax, accordingly the Secretary is a necessary and indispensable party.

2. The complaint is insufficient to show compliance by the plaintiff with the provisions of the Realty Transfer Tax Act of December 27, 1951, P.L. 1742, § 1, as re-enacted and amended by the Act of May 29, 1953, P.L. 257, § 1, 72 Pa.P.S. § 3283, and the rules and regulations thereunder.

3. The complaint fails to state a claim upon which relief can be granted.

On motion, Gerald A. Gleason, Secretary of Revenue, was added as an additional party defendant, and plaintiff was permitted to file an affidavit as required under Section 8 of the said Realty Transfer Tax Act, 72 P.S. § 3290.

On motion of the Secretary of Revenue, the case was then transferred to this Court.

Subsequently, to wit: on November 4, 1957, plaintiff, with leave of Court, filed an amended complaint to which was attached copy of affidavit of Edwin M. Kosik, Assistant United States Attorney, filed with the Recorder of Deeds of Crawford County, Pennsylvania, in connection with the recordation of the deed aforesaid. The amended complaint, in addition to the allegations contained in the original complaint, included the Secretary of Revenue as a party defendant; an allegation that the affidavit required by the Pennsylvania Realty Transfer Tax Act and the regulations promulgated thereunder had been tendered together with the said deed for recordation; and a further allegation that on or about February 12, 1957 the defendants refused to accept and record the said deed.

Counsel for defendants at this point advised the Court that the position taken by defendants was in no way affected by the filing of the affidavit, which in their opinion was the substance of the amended complaint.

The sole question presently before the Court is whether or not the imposition of the Pennsylvania Realty Transfer Tax is a tax upon a governmental function of the United States of America and if so, a violation of the Constitution of the United States of America.

The Realty Transfer Tax Act, at all times herein involved, provided in pertinent parts as follows:

"Section 3. Every person who makes, executes, issues, delivers or accepts any document, or in whose behalf any document is made, executed, issued, delivered or accepted, shall be subject to pay for and in respect thereof, or for or in respect of the vellum parchment or paper upon which such document is written or printed, a State tax at the rate of one (1) percentum of the value of the property represented by such document, which State tax shall be payable at the time of making, execution, issuance, delivery or acceptance of such document.

\*   \*   \*   \*   \*   \*

"Section 5.

\*   \*   \*   \*   \*   \*

"The department may appoint recorders of deeds or other persons, within or without the Common-

wealth, as agents, in accordance with the provisions of The Fiscal Code, the act of April 9, 1929, Pamphlet Laws 343, as amended, for the sale of stamps to be used in paying the tax herein imposed upon documents, and may allow a commission to said agents of [one-half of] one percent of the face value of the stamps.

\* \* \* \* \* \*

"Section 6. The department is hereby charged with the enforcement of the provisions of this act and is hereby authorized and empowered to prescribe, adopt, promulgate and enforce rules and regulations relating to:

"(a) The method and means to be used in affixing or cancelling of stamps in substitution for or in addition to the method and means provided in this act.

"(b) The denominations and sale of stamps.

"(c) Any other matter or thing pertaining to the administration and enforcement of the provisions of this act.

\* \* \* \* \* \*

"Section 8. Every document when lodged with or presented to any recorder of deeds in this Commonwealth for recording, shall set forth therein and as a part of such document the true, full and complete value thereof, or shall be accompanied by an affidavit executed by a responsible person connected with the transaction showing such connection and setting forth the true, full and complete value thereof *or the reason, if any, why such document is not subject to tax under this act.*" 72 P.S. §§ 3285, 3287, 3288, 3290.

Rules and regulations were promulgated under the provisions of Section 6 of the Act, supra. It is provided in the said rules and regulations, inter alia, as follows, to wit:

"1. Sheriffs', Marshals', Trustees', Receivers', and Corporate Trustees' Deeds.

"In the event of a sale of real property by execution upon a judgment, upon the foreclosure of a mortgage, or otherwise, by a Sheriff or by a United States Marshal, the stamps required to be affixed to the deed shall be based upon the price bid by the purchaser, or the amount of the judgment or other lien under which the property was sold, plus all liens prior thereto, whichever sum shall be the higher; \* \* \*.

\* \* \* \* \* \*

"16. United States and Federal Agencies.

"Deeds executed or delivered by or to the United States or the following: (here appear the names of fifteen Federal agencies) *and other similar Federal agencies* [1] are not taxable *to the United States or said agencies, but the person, corporation, partnership, or association to whom or by whom such deeds are made, executed, issued or delivered are required to pay the tax, unless the transaction is between exempt agencies.*"

I do not feel that either the United States District Court nor the United States Marshal are agencies of the United States of America within the contemplation of this statute. This mortgage could have been foreclosed in a State court. Certainly in that event neither the Court nor the Sheriff that conducted the sale could be considered a Federal agency merely because the mortgagee which instituted the foreclosure proceedings was a Federal agency.

The case of Pittman v. Home Owners' Loan Corp., 1939, 308 U.S. 21, 60 S.Ct. 15, 17, 84 L.Ed. 11, involved a Maryland tax on mortgages, graded according to the amount of the loan secured and imposed in addition to the ordinary registration fee as a condition to the recordation of the mortgage. The Court in holding the State tax as thus applied in-

1. Emphasis supplied.

valid, referred to Federal Land Bank of New Orleans v. Crosland, 1923, 261 U.S. 374, 43 S.Ct. 385, 67 L.Ed. 703,[2] as follows:

"Petitioner suggests that the Crosland case may be distinguished; that the Alabama tax was imposed on the lender, whereas the Maryland tax is on the privilege of recording the instrument and the statute is silent as to the one who shall pay the tax; also that the Federal Farm Loan Act [12 U.S.C.A. § 931 et seq.] expressly declared the mortgages of Federal Land Banks to be instrumentalities of the Federal Government. The Court of Appeals thought these differences to be immaterial. As to the first, the court rightly observed that in the Crosland case the provision for the payment of tax by the lender was regarded as having no determining significance. We said that 'whoever pays it it is a tax upon the mortgage and that is what is forbidden by the law of the United States'. 261 U.S. pages 378, 379, 43 S.Ct. at page 387, 67 L.Ed. 703. Here, also, the tax is imposed upon the mortgage and is graded according to the amount of the loan, and the condition attached to the registration is a practical method of collection. The recording sought was for the protection of the interest of the Home Owners' Loan Corporation. In fact, the mortgage in the instant case was offered for record by the Corporation and the tax was demanded from the Corporation.

"The second suggested distinction rests upon the terms of the Home Owners' Loan Act [12 U.S.C.A. § 1461 et seq.]. That provides that The Home Owners' Loan Corpora-

tion, its franchise, capital, reserves and surplus, and its loans and income shall be exempt from all state or municipal taxes. The critical term, in the present relation, is 'loans.' We think that this term, in order to carry out the manifest purpose of the broad exemption, should be construed as covering the entire process of lending, the debts which result therefrom and the mortgages given to the Corporation as security. The Home Owners' Loan Act requires that the loans made by the Corporation 'shall be secured by a duly recorded home mortgage'. Both the mortgage and its recordation were indispensable elements in the lending operations authorized by Congress. We agree with the state court that there is no sound distinction which makes inapplicable the reasoning which was decisive in the Crosland case."

In Sablosky v. Messner, 372 Pa. 47, 51, 92 A.2d 411, 413, the Supreme Court of Pennsylvania, in referring to The Realty Transfer Tax Act, said, inter alia:

" * * * we think it is reasonably apparent that the legislative purpose here was to impose one tax upon the transaction with liability by both parties thereto for its payment. * * * "

In the Crosland case, supra [261 U.S. 374, 43 S.Ct. 386], the Court also stated:

" * * * The characterization of the act by the Supreme Court (Alabama) as distinguished from the interpretation of it does not bind this Court. * * * "

We are here dealing with an involuntary transfer.

In Kern-Limerick, Inc., v. Scurlock, 1954, 347 U.S. 110, 74 S.Ct. 403, 98 L.Ed. 546, the Court had before it the legality

---

**2.** This was a petition for a writ of mandamus to require a county recording officer to record a first mortgage deed on receiving fee for recording same, without payment of an additional sum of fifteen cents for each one hundred dollars of the principal sum secured. The court held

that first mortgages executed to a Federal Land Bank is an instrumentality of the Government of the United States and cannot be subjected to a State recording tax although a reasonable recording fee could be charged.

of the application of the Arkansas Gross Receipts Tax Law of 1941, Ark.Stats. § 84–1901 et seq. to a transaction by which certain private contractors, engaged in a joint venture, procured in Arkansas two diesel tractors for use in the construction there for the United States of a naval ammunition depot. The tractors were procured from Kern-Limerick, Inc., a local dealer. The Court observed that the circumstances of the transaction would concededly make Kern-Limerick, Inc., liable for the tax if the real purchaser were not the United States. The Court further observed that the tax in question was a sales tax, not a use tax; that it is to be paid to the Tax Commissioner by the seller; that he is the taxpayer, and " 'shall collect the tax levied hereby from the purchaser' "; that gross receipts derived from sales to the United States Government are exempt. [347 U. S. 110, 74 S.Ct. 405.] The contract for the purchase of the tractors was entered into by the Department of the Navy under authority of the Armed Services Procurement Act of 1947,* which authorized cost-plus-a-fixed-fee contract by negotiation without advertising. Kern-Limerick, Inc., the seller, upon demand by the Commissioner paid under protest the amount of the sales tax and brought action for the refund in accordance with State law. The Court held that the purchaser under the contract was the United States and stated: "The doctrine of sovereign immunity is so embedded in constitutional history and practice that this Court cannot subject the Government or its official agencies to state taxation without a clear congressional mandate. No instance of such submission is shown."

As above stated, the Supreme Court of Pennsylvania in the Sablosky case, supra, had indicated that in its opinion the legislative purpose of The Realty Transfer Act was to impose one tax upon the transaction with liability by both parties thereto for its payment.

In the instant case we are dealing with an involuntary transfer so far as the owner-mortgagor is concerned. The mortgagee-grantee, an agency of the United States, became such by reason of the terms and conditions of The Bankhead-Jones Farm Tenant Act, July 22, 1937, c. 517, 50 Stat. 522 (amended August 14, 1946, c. 964, 60 Stat. 1072), 7 U.S.C.A. § 1001 et seq., providing for loaning, the securing of the loan by mortgage on real estate, and the right of foreclosure in the event of default. The said Bankhead-Jones Act under which the Farmers' Home Administration was established and the mortgage in question was granted and foreclosed provides as follows: (7 U.S.C.A. § 1024 (b))

"(b) All property to which subsection (a) of this section is inapplicable which is held by the Secretary pursuant to sections 1001–1005d, 1007, and 1008–1029 of this title shall be exempt from all taxation now or after August 14, 1946 imposed by the United States or any State, Territory, district, dependency, or political subdivision, but the Secretary shall make payments in respect of any such property in lieu of taxes. July 22, 1937, c. 517, Title IV, § 50, 50 Stat. 531; Aug. 14, 1946, c. 964, § 3, 60 Stat. 1064."

Any inconsistency between the two acts must be resolved in favor of the plaintiff herein, as required under the supremacy clause (Article VI) of the Constitution of the United States.

As stated in Crosland, supra, and repeated in Pittman, supra, "whoever pays it (referring to the recording tax) it is a tax upon the mortgage (here the deed) and that is what is forbidden by the law of the United States."

In Powell v. Shepard, 381 Pa. 405, 409, 113 A.2d 261, 263, the court stated:

"It is not open to question that the recorder of deeds acts as *the agent* of the Secretary of Revenue for the collection of the State tax on deeds imposed by The Realty Transfer Act of 1951. * * *"

---

* Now 10 U.S.C.A. § 2301 et seq.

The court quoted from Commonwealth ex rel. Duff v. Huston, 361 Pa. 1, 4, 61 A.2d 831, as follows:

> " 'Since Philadelphia v. Martin, 125 Pa. 583, 17 A. 507, whenever the question has arisen, this Court has consistently held that a county officer, acting for the Commonwealth in the collection of its revenues, does not act in his capacity as a public officer, but as an agent or employe of the Commonwealth performing distinct and separate functions.' "

The Secretary of Revenue was added as a party defendant after motions to dismiss had been filed by the Commonwealth of Pennsylvania and the Recorder of Deeds of Crawford County for the reason, inter alia, that the said Recorder was the statutory agent of the Secretary for the collection of the State Realty Transfer Tax and therefore an indispensable party to the proceeding. Subsequently, on motion of the Secretary of Revenue the case was transferred from the United States District Court for the Western District of Pennsylvania to the United States District Court for the Middle District of Pennsylvania. This Court, therefore, has complete jurisdiction of the case including both defendants.

Plaintiff requests a decree in the nature of mandamus ordering defendants to accept and record the said deed.

The All Writs Statute, 28 U.S.C. § 1651, provides as follows:

> "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
>
> "(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction."

In discussing this statute, Vol. 6 Moore's Federal Practice, 2d Ed., page 106, states:

> "Section 1651 applies to the district courts so that they may issue all writs necessary or appropriate in aid of their jurisdiction, which, as a general proposition, is original. Rule 81(b) has abolished the writs of scire facias and mandamus, but not the substance of those remedies since the Rule provides that relief heretofore available by mandamus or scire facias may be obtained by appropriate action or by appropriate motion. And although the remedy by mandamus is legal its allowance is controlled by equitable principles.
>
> "Section 1651 gives the district court power to enjoin action that improperly hinders or defeats the jurisdiction which it is validly exercising. * * *."

While we are not here concerned with any conflicting State court situation, it might be appropriate here to cite 28 U.S.C. § 2283, to wit:

> "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, *or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.*" (Emphasis supplied.)

Therefore, considering both section 1651 and section 2283, there can be no question as to the power of this Court not only as to the basic problem involving the attempt to impose a State tax on an agency of the Federal Government but to follow with the implementation of the original order by a direction that the deed be recorded without the payment of the State tax.

We conclude that the tax imposed by The Realty Transfer Tax Act of Pennsylvania as imposed by the Secretary of Revenue on the transaction here involved is forbidden by the law of the United States; that the Secretary of Revenue should be restrained from further attempting to impose the said tax on the said transaction; furthermore, that the

Recorder of Deeds of Crawford County, Pennsylvania, defendant herein, be ordered and directed to accept for recordation and to properly record the deed in question without the payment by the United States of the tax provided by The Realty Transfer Tax Act of Pennsylvania, nor the affixing to said deed of the documentary stamps attesting to the payment of said tax as provided by the said Act.

The circumstances forming the basis of the above Opinion having occurred prior to the enactment of certain amendments of June 1, 1955, to the Pennsylvania Realty Transfer Tax Law, the above decision applies only to documents made by the United States Marshal prior to June 1, 1955.

An appropriate Order may be submitted.