**UNITED STATES of America, Plaintiff,**

v.

**Charles M. DOUGHERTY, Secretary of Revenue, Commonwealth of Pennsylvania, Defendant.**

**Civ. No. 7166.**

United States District Court
M. D. Pennsylvania.

Dec. 15, 1961.

Bernard J. Brown, U. S. Atty., Scranton, Pa., for plaintiff.

Edward Friedman, Deputy Atty. Gen., Carl Carey, Sp. Deputy Atty. Gen., for defendant.

FOLLMER, District Judge.

This suit is in the nature of a mandamus proceeding brought by the United States of America against Charles M. Dougherty, Secretary of Revenue, Commonwealth of Pennsylvania, to compel the recording of a deed from Albert Di-Meolo, United States Marshal for the Western District of Pennsylvania, to the United States of America, in the Office of the Recorder of Deeds of Mercer County, Pennsylvania, said County of Mercer being in the Western District of Pennsylvania.

On July 17, 1959, the United States of America secured a judgment against Sherwood E. Owens and Doris E. Owens, his wife, on a complaint alleging a breach of certain covenants contained in a mortgage and bond from the Owens to the United States of America, secured by certain lands of the debtors situate in Mercer County, Pennsylvania. The said mortgage and bond were executed and delivered under and in pursuance of the provisions of the Farmers' Home Administration, an agency of the United States of America.

On October 27, 1959, plaintiff filed a Praecipe for Fieri Facias (de terris) directing the United States Marshal to sell the said real estate. After due advertising, on December 17, 1959, the United States Marshal sold the said real

estate at public sale to the plaintiff. On February 11, 1960, the Court confirmed the said sale nisi to become absolute at the expiration of five days from said date. No exceptions were filed to the sale. On becoming absolute, the Court ordered the Marshal to execute and deliver a deed for the said property to the United States of America, which was done. No Pennsylvania Realty Transfer stamps were attached to the deed. The deed was then forwarded to Stephen Lukacs, Recorder of Deeds of Mercer County, with a request that it be recorded. The Recorder of Deeds refused to accept the deed for recording because it did not have attached thereto the applicable Pennsylvania Realty Transfer stamps. The Complaint was then filed when defendant moved to dismiss for the following reasons:

1. The Complaint failed to state a claim upon which relief can be granted.

2. The Complaint failed to join an indispensable party, to wit: Stephen Lukacs, Recorder of Deeds of Mercer County, Pennsylvania.

The plaintiff contends, and it is not denied by the defendant, that this action was originally filed in the United States District Court for the Western District of Pennsylvania, to No. 60–307 Civil, and was brought against Stephen Lukacs, Recorder of Deeds of Mercer County, Pennsylvania, and Charles W. Dougherty, Secretary of Revenue, Commonwealth of Pennsylvania; that since the defendant, Dougherty, maintains his main office in Harrisburg, Dauphin County, Pennsylvania, and is within the Middle District of Pennsylvania, the parties stipulated that the action would be dismissed without prejudice to either party; that subsequent to that dismissal the instant action was filed. Plaintiff contends that Stephen Lukacs, Recorder of Deeds of Mercer County, Pennsylvania, is merely the statutory agent of the Secretary of Revenue for the Commonwealth of Pennsylvania, for the collection of the State Realty Transfer Tax and that an order directing the Secretary to cause the deed in question to be accepted for recording

is sufficient; that Stephen Lukacs, the Recorder aforesaid, is not an indispensable party to this proceeding.

This identical situation was before this Court in United States of America v. Knapp, 168 F.Supp. 386. That case involved the same Government agency, namely, Farmers' Home Administration, and the refusal of the Recorder of Deeds of Crawford County, Pennsylvania, to record deed of the United States of America prior to the payment of the Pennsylvania Realty Transfer Tax. The original action was brought in the United States District Court for the Western District of Pennsylvania against Forest L. Knapp, Recorder of Deeds of Crawford County, Pennsylvania. The Secretary of Revenue was added as a party defendant after motions to dismiss had been filed by the Commonwealth of Pennsylvania and the Recorder of Deeds of Crawford County for the reason, inter alia, that the said Recorder was the statutory agent of the Secretary for the collection of the State Realty Transfer Tax and therefore an indispensable party to the proceeding. Subsequently, on motion of the Secretary of Revenue, the case was transferred from the United States District Court for the Western District of Pennsylvania to the United States District Court for the Middle District of Pennsylvania.

It would seem that the procedure followed by the Government in the Knapp case is preferable to the one in the instant case. In Knapp both the Recorder and the Secretary were retained as defendants while in the instant case only the Secretary is a defendant. In addition to that, the prayer of the Complaint is for an order directing defendant, the Secretary of Revenue, to record the deed without plaintiff being required to affix thereto any realty transfer stamps. Obviously, this is impossible. It is true that the Recorder of Deeds is the statutory agent of the Secretary of Revenue for the collection of the State Realty Transfer Tax but certainly not for the recording of deeds. The prayer should have been to direct the Secretary to cause the deed in question to be accepted for recordation

without payment of the tax. It will be so considered here.

The applicable Pennsylvania statute at the time the attempted recordation was made in the Knapp case was as follows (Section 3 of the Pennsylvania Realty Transfer Tax Act of December 27, 1951, P.L. 1742, as re-enacted and amended, 72 P.S. § 3285):

> "Every person who makes, executes, delivers, accepts, presents for recording any document or in whose behalf any document is made, executed, delivered, accepted or presented for recording, shall be subject to pay for and in respect to the transaction or any part thereof, or for or in respect of the vellum parchment or paper upon which such document is written or printed, a State tax at the rate of one (1) percentum of the value of the property represented by such document, which State tax shall be payable at the time of making, execution, delivery, acceptance or presenting for recording of such document."

The opinion in Knapp, supra [168 F. Supp. 392], stated as follows:

> "The circumstances forming the basis of the above Opinion having occurred prior to the enactment of certain amendments of June 1, 1955, to the Pennsylvania Realty Transfer Tax Law, the above decision applies only to documents made by the United States Marshal prior to June 1, 1955."

The pertinent amendment of June 1, 1955, thus referred to is as follows (P.L. 322, Sec. 2, 72 P.S. § 3285.1):

> "The tax herein imposed shall be fully paid, and have priority out of the proceeds of any judicial sale of real estate before any other obligation, claim, lien, judgment, estate or costs of the sale and of the writ upon which the sale is made, and the sheriff, or other officer, conducting said sale, shall pay the tax herein imposed out of the first

> moneys paid to him in connection therewith."

The entire problem presented in the instant case was fully covered by the writer of this opinion in the Knapp case. I adhere to everything stated therein. The sole question here is, Did the amendment of June 1, 1955, change the law in any regard from that as we found in Knapp prior to the amendment? My conclusion is that it did not. As stated in Knapp, supra:

> "In Sablosky v. Messner, 372 Pa. 47, 51, 92 A.2d 411, 413, the Supreme Court of Pennsylvania, in referring to The Realty Transfer Tax Act, said, inter alia:
>
> " ' * * * we think it is reasonably apparent that the legislative purpose here was to impose one tax upon the transaction with liability by both parties thereto for its payment. * * *' "

In Pittman v. Home Owners' Loan Corp., 1939, 308 U.S. 21, 60 S.Ct. 15, 17, 84 L.Ed. 11 (involving a tax on the privilege of recording the instrument and the statute is silent as to the one who shall pay the tax), the Court quotes with approval from Federal Land Bank of New Orleans v. Crosland, 1923, 261 U.S. 374, 43 S.Ct. 385, 67 L.Ed. 703 (tax imposed on lender) that " 'whoever pays it it is a tax upon the mortgage and that is what is forbidden by the law of the United States.' "

It is common practice on real estate foreclosures to save poundage for plaintiff in bidding to protect his lien to bid merely costs and taxes. Whether the Government in the instant case did that or bid debt, interest, cost and taxes, the result is the same,—the United States is being taxed and that cannot be.

I conclude that the amendment of June 1, 1955 (72 P.S. § 3285.1) added nothing of consequence so far as this problem is concerned to the Act of December 27, 1951, as amended (72 P.S. § 3285); that the tax imposed by The Realty Transfer Tax Act of Pennsylvania, as amended, and as imposed by the Secretary of Reve-

nue on the transaction here involved, is forbidden by the law of the United States and that the Secretary of Revenue should be restrained from further attempting to impose the said tax on the said transaction.

### Order

Now, October 26, 1961, in accordance with opinion this day filed, it is ordered and decreed that the Secretary of Revenue be, and he is hereby, restrained from further attempting to impose the said tax on the said transaction, and it is further ordered and decreed that he be, and he is hereby, directed to cause the deed in question to be accepted for recordation without payment of the Pennsylvania Realty Transfer Tax.