UNITED STATES of America

v.

Charles M. DOUGHERTY, Secretary of Revenue, Commonwealth of Pennsylvania, Appellant.

No. 13935.

United States Court of Appeals Third Circuit.

Argued Oct. 30, 1962.

Decided Nov. 29, 1962.

628

Carl Carey, Special Asst. Deputy Atty. Gen., Scranton, Pa. (Edward Friedman, Deputy Atty. Gen., David Stahl, Atty. Gen., Harrisburg, Pa., on the brief), for appellant.

Crombie J. D. Garrett, Department of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, I. Henry Kutz, Attorneys, Department of Justice, Washington, D. C., Bernard J. Brown, U. S. Atty., on the brief), for appellee.

Before STALEY, HASTIE and SMITH, Circuit Judges.

PER CURIAM.

The United States foreclosed on a mortgage which it owned, and at a public sale purchased the property which secured the debt. The deed was forwarded to the Recorder of Deeds for Mercer County, but because the stamps required by the Pennsylvania Realty Transfer Tax Act, 72 Purdon's Pa.Stat.Ann. §§ 3283–3292, were not affixed the latter refused to record it. Following suit in the United States District Court for the Middle District of Pennsylvania, judgment was entered restraining the appellant from attempting to impose the tax and directing him to cause the deed to be accepted for recordation. From that judgment this appeal was taken.

Appellant urges that this is not an attempt by the Commonwealth of Pennsylvania to tax the United States. He argues that because the mortgagors were not exempt parties, the tax should have been paid from the proceeds of the sale. That contention was thoroughly explored and rejected by the district court in its opinion in this case, United States v. Dougherty, 199 F.Supp. 48 (M.D.Pa., 1961), and in an opinion by the same court in a prior case involving the identical question, United States v. Knapp, 168 F.Supp. 386 (M.D.Pa., 1959). We fully agree with the district court's reasoning and conclusion.

The judgment of the district court will be affirmed.