**UNITED STATES of America, Through its Agency, the Small Business Administration, Plaintiff,**

**v.**

**Howard MITNICK and Ruth Mitnick, Defendants.**

**Civ. No. 9813.**

United States District Court, M. D. Pennsylvania.

May 13, 1970.

S. John Cottone, U. S. Atty., Scranton, Pa., for the United States.

Sidney J. Fires, Philadelphia, Pa., for Small Business Administration.

H. R. Van Deusen, Jr., Scranton, Pa., for Howard Mitnick and Ruth Mitnick.

Albert H. Aston, Wilkes-Barre, Pa., for trustee in bankruptcy, Training Services Institute.

John Barry Beemer, Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for Northeastern Technical Corporation, intervenor.

Roger Mattes, Scranton, Pa., for Myron Krenitsky and Francis Cunion, exceptants to sale.

### MEMORANDUM

NEALON, District Judge.

This is a petition by Northeastern Technical Corporation (Northeastern) to compel the United States Marshal of the Middle District of Pennsylvania to pay the Pennsylvania Realty Transfer Tax, 72 P.S. § 3285, out of the $40,000.00 proceeds created by the judicial sale of property owned by Howard and Ruth Mitnick.

On a previous occasion this Court denied a petition by alleged mechanic's lien holders (who have also objected to Northeastern's petition) to set aside the Marshal's sale of the property and allowed the Marshal to deed the property to Northeastern for $40,000.00. United States v. Mitnick, Civ. No. 9813 (M.D. Pa., June 30, 1969). Subsequently, the Marshal handed over the deed, but did not affix thereto any tax stamps as required by the Pennsylvania Transfer Tax Act. Northeastern then filed the present petition to compel the payment of the appropriate Realty Transfer Tax Stamps pursuant to 28 U.S.C. § 1361, the mandamus section of the United States Code.

Northeastern relies exclusively on the regulations promulgated under the Realty Transfer Act, which require an officer conducting a judicial sale to pay the tax out of the first monies collected as a result of the sale. The Small Business Administration (SBA), as the execution creditor of the Mitnicks, opposes Northeastern's petition on two grounds: (1) that Pennsylvania cannot constitutionally levy a tax on a transaction involving the enforcement of a lien held by the SBA as an agency of the United States, and (2) that the SBA's lien was prior in time to the transfer tax claimed on the transaction. We need only consider the first of the SBA's contentions since it is dispositive of the present petition.

It has been held that the Small Business Administration is an integral part of the governmental mechanism and is entitled to the priority of the United States. S.B.A. v. McClellan, 364 U.S. 446, 81 S.Ct. 191, 5 L.Ed.2d 200 (1960). The United States Supreme Court noted in Kern-Limerick, Inc. v. Scurlock, 347 U.S. 110, 122, 74 S. Ct. 403, 410, 98 L.Ed. 546 (1954):

"The doctrine of sovereign immunity is so embedded in constitutional history and practice that this Court cannot subject the Government or its official agencies to state taxation

without a clear congressional mandate."

The transfer tax involved here is not a tax on property, but a tax on the transaction with liability on both parties for its payment, Sablosky v. Messner, 372 Pa. 47, 92 A.2d 411 (1952), and there is no Congressional mandate subjecting the Government to such a tax. Indeed, in United States v. Dougherty, D.C., 199 F.Supp. 48, aff'd, 311 F.2d 627 (3 Cir., 1962), Judge Follmer held that conveyances to the United States or its instrumentalities are not subject to the Pennsylvania Realty Transfer Tax and restrained State officials from attempting to collect it. See also, United States v. Knapp, 168 F.Supp. 386 (M.D.Pa. 1969). If State officials cannot require the Government to pay the transfer tax, then the United States Marshal cannot require it either. Certainly the Realty Transfer Tax Regulation cannot compete with so imposing a list of authorities as those hereinabove cited. Accordingly, Northeastern's petition to compel the Marshal to pay the required Pennsylvania Realty Transfer Tax will be dismissed.