**HILLTOP PROPERTIES ASSOCIATES LIMITED PARTNERSHIP, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 2000.
Decided Jan. 30, 2001.

Nicholas Banda, Johnstown, for petitioner.

Ronald H. Skubecz, Harrisburg, for respondent.

Before KELLEY, Judge, LEADBETTER, Judge and McCLOSKEY, Senior Judge.

LEADBETTER, Judge.

Hilltop Properties Association appeals from the order of the Board of Finance and Revenue (Board) that sustained the decision of the Department of Revenue's Board of Appeals. The Board of Appeals determined that additional real estate transfer tax is due on Hilltop's acquisition of a shopping plaza. The Board concluded that Hilltop underpaid the transfer taxes because it did not properly compute the taxable value of the property under Section 1101–C of the Tax Reform Code of 1971 (Tax Reform Code).[1] We affirm.

On June 13, 1997, the Chase Manhattan Bank, the holder of a mortgage on the real property eventually acquired by Hilltop, rendered the successful bid at foreclosure

---

1. Act of March 4, 1971, P.L. 6, § 1101–C, added by Act of May 4, 1981, P.L. 36, § 4, *as amended,* 72 P.S. § 8101–C.

sale. Thereafter, Chase assigned its rights to the successful bid to Hilltop for the sum of $1.2 million. Pursuant to this assignment, the sheriff conveyed the property to Hilltop by a deed that recites consideration of $1,475.97. Upon recordation of the deed along with a mortgage to First Summit Bank for $1.2 million, Hilltop paid transfer tax in the amount of $12,000.00, representing 1% of the amount paid for the assignment. Subsequently, the Department of Revenue issued a notice of determination that valued the taxable transfer at $3,353,790.00, the computed value of the realty. Accordingly, the Department determined that the tax due upon recordation of the deed was $33,537.00. Hilltop petitioned for a redetermination, which the Board of Appeals denied. Hilltop then appealed to the Board of Finance and Revenue, which sustained the Department's determination, and thereafter to this court.[2]

■ Hilltop contends that it properly calculated the tax in accordance with the Tax Reform Code. Hilltop also argues that the computation of the taxable value as directed by the Department was an abuse of discretion and violates the Uniformity Clause of the Pennsylvania Constitution and the Equal Protection Clause of the United States Constitution.

2. This Court hears determinations of the Board of Finance and Revenue in its appellate jurisdiction, but its review is *de novo. Wilson Partners, L.P. v. Commonwealth*, 723 A.2d 1079, 1081 n. 3 (Pa.Cmwlth.), *aff'd*, 558 Pa. 462, 737 A.2d 1215 (1999).

3. Section 1102–C.3 excludes from taxation a variety of transactions, none of which are applicable to Hilltop as the assignee of the successful bid at foreclosure sale. The exclusion from taxation provided to a mortgagee who purchases at a foreclosure sale, such as Chase Manhattan Bank, is not applicable to Hilltop, as the assignee of the successful bid at foreclosure sale. Subsection 1102–C.3 provides, in pertinent part, as follows:

The tax imposed by section 1102–C shall not be imposed upon:
. . . .
(16) A transfer by a mortgagor to the holder of a bona fide mortgage in default in lieu

Section 1102–C of the Tax Reform Code imposes a tax on documented transfers of realty. 72 P.S. § 8102–C. This tax is imposed at the rate of one percent of the value of the real estate represented by the recorded document that effects the conveyance, in this case, the sheriff's deed.[3] The definitions of "value" set forth in Section 1101–C provide for different avenues to determine value depending upon the nature of the transaction,[4] and state, in pertinent part, as follows:

"Value."

(1) In the case of any bona fide sale of real estate at arm's length for actual monetary worth, the amount of the actual consideration therefor, paid or to be paid, including liens or other encumbrances thereon existing before the transfer and not removed thereby, . . . : Provided, That where such documents shall set forth a nominal consideration, the "value" thereof shall be determined from the price set forth in or actual consideration for the contract of sale; (2) in the case of a gift, sale by execution upon a judgment or upon the foreclosure of a mortgage by a judicial officer, transactions without consideration or for consideration less than the actual monetary worth of the real estate, . . ., the actual monetary worth of the real

of a foreclosure or a transfer pursuant to a judicial sale in which the successful bidder is the bona fide holder of a mortgage, unless the holder assigns the bid to another person.
72 P.S. § 8102–C.3.

4. In conformance with the Tax Reform Code, the Department's regulations at Title 61 of the Pennsylvania Administrative Code provide, in pertinent part, as follows:

§ 91.135. Judicial sales and other transactions.
The value of realty is its computed value where the realty is transferred through any of the following:
(1) By execution upon a judgment or upon foreclosure of a mortgage or under a judicial sale or tax sale.
. . . .
61 Pa.Code § 91.135

estate determined by adjusting the assessed value of the real estate for local real estate tax purposes for the common level ratio of assessed values to market values of the taxing districts as established by the State Tax Equalization Board, or a commensurate part of the assessment where the assessment includes other real estate; . . . .

72 P.S. § 8101–C. In arguing that it correctly computed its tax based upon a value of $1.2 million, Hilltop maintains that section (1) applies because its purchase of the assignment was a bona fide arm's length transaction. This misses the point. The sale of the assignment of rights from Chase to Hilltop is not the taxable transfer at issue. Rather, it is the proper tax on the sheriff's conveyance of the real estate to Hilltop which is the subject of this dispute. Hilltop, as assignee to the prevailing bid at the sheriff's foreclosure sale, took legal title to the realty by receipt of a sheriff's deed reciting consideration in the amount of $1,475.97, far less than the actual monetary worth of the property. This transaction falls squarely within section (2), which mandates the computation of the taxable value under the formula used by the Department.

Hilltop next cites the opinion of this court in *Elk Haven Nursing Home, Inc. v. Commonwealth*, 737 A.2d 322 (Pa. Cmwlth.1999) to argue that in spite of the computation mandated by section (2), the Department had discretion to look to the "actual consideration" for the transaction to determine the "true value of the property." It then asserts that the Department abused its discretion by not finding the "actual consideration" and "true value" to have been the $1.2 million paid for the assignment and basing the tax on that figure. This argument is flawed in several respects. First, in *Elk Haven* the transaction was, in fact, a direct arm's length sale of real estate, where the deed recited a nominal consideration. Such transactions fall under section (1), which

provides that in these circumstances value shall be determined by actual consideration. *Elk Haven* does not in any way suggest that where realty transfers fall under section (2) the Department may disregard the formula mandated by that section for determining value. Second, Hilltop again invites us to disregard the actual nature of the transactions which occurred and base its tax treatment on a set of events which did not occur. It would appear self-evident that taxes are based not upon a hindsight view of how parties might most favorably have structured their business arrangements, but upon what they actually did. Finally, in asking us to assume that the assignment price is the "true value" of the realty, Hilltop is making a factual assertion which is entirely without foundation. The sale of such an assignment conveys different rights and liabilities than would be conveyed by the sale of the real estate itself, and may have quite different economic risks and consequences for both the buyer and the seller. There is simply no evidentiary basis for the assertion that their value is the same.

Hilltop last contends that the Tax Reform Code violates the Uniformity Clause of the Pennsylvania Constitution and the Equal Protection Clause of the U.S. Constitution because of the exclusion from tax provided at Section 1102 C.3(16) for "a transfer pursuant to a judicial sale in which the successful bidder is the bona fide holder of a mortgage, unless the holder assigns the bid to another person." [5] In other words, had Chase Manhattan itself taken title to the property, the transfer would not have been taxable; but as Chase's assignee, Hilltop was subject to the tax. This contention is without merit. Pennsylvania's uniformity clause and the federal equal protection clause require substantial equality of the tax burden to all members of the same class. *Equitable Life Assurance Society v. Murphy*, 153

5. 72 P.S. § 8102–C.3.

Pa.Cmwlth. 338, 621 A.2d 1078, 1086 (1993). The classifications must be reasonable and practical, recognizing that taxation is not an exact science and absolute equality in taxation can never be achieved. *Id.* The constitutional provisions relating to uniformity are violated where a formula or method of computing a tax, in its operation or effect, will produce arbitrary or unjust or unreasonably discriminatory results. *Id.* It is the taxpayer's burden to establish that the statute results in a classification that is unreasonable in that it is not rationally related to any legitimate purpose. *Wilson Partners, L.P. v. Commonwealth,* 558 Pa. 462, 471, 737 A.2d 1215, 1220 (1999). Any doubts as to constitutionality of the statute are to be resolved in favor of upholding the statute. *Id.*

Hilltop does not point to any particular irrationality in the statutory distinction between the holder of a mortgage in default, whose purchase at foreclosure sale is exempt from taxation under Section 1102 C.3(16), and an assignee of the prevailing foreclosure bid, who is required to pay transfer tax based on the computed value of the realty. We find the distinction to be rationally based on the fact that, as between a mortgagee and a defaulting mortgagor, title to the property already rests in the mortgagee whereas the assignee to the foreclosure bid has no similar prior legal interest in the realty. In the present case, there is no absence of uniformity in taxation; Hilltop is taxed on the realty's computed value in the same manner as any other non-mortgagee purchaser at foreclosure sale. The determination of transfer tax based on computed value has been held to be reliable, uniform and constitutional. *See Provident Mut. Life Ins. Co. v. Tax Review Bd.,* 750 A.2d 942, 948 (Pa.Cmwlth. 2000). Hilltop's discontent derives not from any unconstitutionality in the statutory tax scheme but from the taxation consequences of the particular form of transaction chosen to convey the property.

Accordingly, we affirm the determination that additional tax is due.

### ORDER

AND NOW, this 30th day of January, 2001, the order of the Board of Finance and Revenue in the above captioned matter is hereby AFFIRMED. Judgment shall be entered unless exceptions are filed within thirty (30) days of the date of this order pursuant to Pa. R.A.P. 1571(i).